*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF DELAWARE*

| | |
|---|---|
| *SYMBOLOGY INNOVATIONS, LLC,* )  )  *Plaintiff,* )  )  v. )  )  *WONDERWILL LTD,* )  *ZAPPER MARKETING LIMITED,* )  *ZAPPER MARKETING (USA) INC.,* )  )  *Defendants.* ) | C.A. No. _____   DEMAND FOR JURY TRIAL |



1
COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

## *ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT*

1. Symbology Innovations, LLC ("Symbology" or "Plaintiff"), by and through its counsel, hereby brings this action for patent infringement against Wonderwill Ltd., Zapper Marketing Limited, and Zapper Marketing (USA) Inc., ("Zapper" or collectively "Defendant") alleging infringement of the following validly issued patent (the "Patent-in-Suit"): U.S. Patent No. 8,424,752, titled "System and method for presenting information about an object on a portable electronic device" (the "'752 Patent"), attached hereto as Exhibit A.

## *NATURE OF THE ACTION*

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## *PARTIES*

3. Plaintiff Symbology Innovations, LLC is a Texas company with its principal place of business at 1400 Preston Road, Suite 400, Plano, TX 75093.

4. On information and belief, defendant Wonderwill Ltd. is a company incorporated in Gibraltar with a principal place of business at Portland House, Glacis Road, PO Box 475, Gibraltar.

5. On information and belief, defendant Zapper Marketing Limited is a company incorporated in the United Kingdom with a principal place of business at 2 Lyttelton Road, London, N2 OEF, Great Britain.

6. On information and belief, Defendant Zapper Marketing (USA), Inc. is a company incorporated in Delaware and may be served by its registered agent

*Corporation Service Company, 251 Little Falls Dr., Wilmington, DE 19808.*

## *JURISDICTION AND VENUE*

*1.    This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.*

*2.    The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Delaware and the district of Delaware; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Delaware; (4) Defendant regularly conducts business within the State of Delaware and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this district; and (5) Defendant is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.*

*3.    Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the products which contain the infringing '752 Patent systems and methods as detailed below. Upon information and belief, Defendant has*

*committed patent infringement in the State of Delaware and in this district; Defendant solicits and has solicited customers in the State of Delaware and in this district; and Defendant has paying customers who are residents of the State of Delaware and this district and who each use and have used the Defendant's products and services in the State of Delaware and in this district.*

*4. Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1400(b). Defendant is incorporated in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.*

## PATENT-IN-SUIT



*5. The Patent-in-Suit teaches systems and methods for enabling a portable electronic device (e.g., smartphone) to retrieve information about an object when the object's symbology (e.g. QR code) is detected.*

### SUMMARY OF INFRINGING ACTIONS

*6. Zapper "is a QR-code based mobile payment and loyalty app." See Ex. 1, available at https://www.linkedin.com/company/zapper-marketing-ltd/about/.*

*7. Zapper's QR-code technology "lets users pay quickly and securely with their phone, earn loyalty and redeem vouchers, all in one tap" and is used by "over 12,000 businesses across multiple countries." See Ex. 1.*

8.      "Zapper makes mobile payments convenient and secure across all market sectors for both consumers and merchants. Basically, anywhere you display your unique QR code, you can get paid." *See* Ex. 2, available at https://www.zapper.com/merchant.

9.      Zapper for restaurants allows restaurant customers to "pay using their smartphone" by "scan[ning] the QR code on their bill with the Zapper app." *See* Ex. 3, available at https://zapper.com/index.php. This functionality is available in a number of countries including "the USA." *See* Ex. 3. Examples of restaurants utilizing the Zapper app include Big D Barbeque in Mansfield, Texas (*see* Ex. 4) and My Vision Nutrition in Denver, Colorado (*see* Ex. 5).

10.     Zapper has also integrated its technology into a number of ePOS systems including products sold by San Francisco-based Revel Systems, Inc. *See* Ex. 3; Ex. 6 (available at https://revelsystems.com/); Ex. 7 (available at https://revelsystems.com/contact/); and Ex. 8 (available at https://www.linkedin.com/company/revel-systems/).

11.     Zapper provides another application called the ZapZap wallet. *See* Ex. 9 (available at https://www.zapzapwallet.com/index.php#about-area). The Zap Zap wallet and Zapper app are both advertised as "QR code applications for Android, Windows Mobile and iOS (iPhone)." *See* Ex. 10 (available at https://www.zapzapwallet.com/privacy.php).

12.     Zapper also provides access to its free QR Droid code which it calls "the most complete, feature-packed QR Code and Barcode app available for

*Android smartphones and tablets."* See *Ex. 11 (available at* <http://qrdroid.com/get/>*). Zapper advertises that its QR Droid code "changes your Android smartphone into a powerful scanning utility, allowing you to import, use and share data in a matter of taps" and "is the fastest and most efficient QR Code, Barcode and Data Matrix scanner around."* See *Ex. 12 (available at* <http://qrdroid.com/>*).*

## COUNT I
### (Infringement of U.S. Patent No. 8,424,752)

13.  *Plaintiff incorporates by reference the allegations of paragraphs 1-12, the same as if set forth herein.*

14.  *The '752 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on April 23, 2013. The '752 Patent is presumed valid and enforceable.* See *35 U.S.C. § 282.*

15.  *Plaintiff is the owner by assignment of the '752 patent and possesses all rights of recovery under the '752 patent, including the exclusive right enforce the '752 patent and pursue lawsuits against infringers.*

16.  *Without a license or permission from Symbology, Defendant has infringed and continues to infringe on one or more claims of the '752 Patent—directly, contributorily, and/or by inducement—by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '752 systems and methods, in violation of 35 U.S.C. § 271.*

*Direct Infringement.*

17. Defendant has been and now is directly infringing by, among other things, practicing all of the steps of the '752 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed.Cir. 1993); *see also* 35 U.S.C. § 271 (2006). For instance, Defendant has directly infringed the Patent-in-Suit by testing, configuring, and troubleshooting the functionality of QR codes on its products and services.

18. By way of example, Defendant has infringed and continues to infringe on at least one or more claims, including at least Claim 1 of the '752 Patent which teaches:

> A method comprising:
>   capturing a digital image using a digital image capturing
>     device that is part of a portable electronic device;
>   detecting symbology associated with an object within the
>     digital image using a portable electronic device;
>   decoding the symbology to obtain a decode string using
>     one or more visual detection applications residing on
>     the portable electronic device;
>   sending the decode string to a remote server for
>     processing:
>   receiving information about the object from the remote
>     server wherein the information is based on the decode
>     string of the object.
>   displaying the information on a display device associated
>     with the portable electronic device.

19. On information and belief, Defendant employs a method wherein a digital image (*e.g.*, "QR code") associated with its products is captured and detected by the camera of a portable electronic device (*e.g.*, a smartphone or tablet) ("*capturing a digital image using a digital image capturing device that is*

part *of a portable electronic device"*, *"detecting symbology associated with an object within the digital image using a portable electronic device"*). For example, Defendant's technology "allows [a restaurant's] customers to pay using their smartphone" when they "scan the QR code on their bill with the Zapper app." See Ex. 3, Figure 1.



*Figure 1*

20.  On information and belief, Defendant uses a smartphone, tablet, or similar device to decode the symbology to obtain a decode string (e.g., hyperlink, payment information) using the Zapper app residing in the smartphone or tablet (*"decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device"*). For example, a smartphone using the Zapper app detects the QR code on a restaurant's receipt to produce decoded information, for instance, including the payment amount. The decoded string is sent to a remote server for processing (*"sending the decode string to a remote server for processing"*). See Ex. 3, Figure 2.



*Figure 2*

21. On information and belief, after scanning the digital image (e.g. QR code), the smartphone receives information about the product from a remote server ("*receiving information about the object from the remote server wherein the information is based on the decode string of the object*") and that information is displayed on the smartphone ("*displaying the information on a display device associated with the portable electronic device*"). For example, after scanning a receipt the customer "get[s] immediate notification of successful payment." See Ex. 3, Figure 1.

<u>Induced Infringement</u>

22. Defendant has been and now is indirectly infringing by way of inducing infringement by others and/or contributing to the infringement by others of the '752 Patent in the State of Delaware, in this judicial District, and elsewhere in the United States, by, among other things, making, using, offering for sale, and/or selling, without license or authority, products affixed with QR codes that

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

*require the accused technology for intended functionality, testing, configuration, troubleshooting, and other utilization. End users include, for example, customers, customers' customers, retail store personnel, and other third-parties.*

23. Defendant took active steps to induce infringement, such as advertising an infringing use, which supports a finding of an intention. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 932 (2005) ("[I]t may be presumed from distribution of an article in commerce that the distributor intended the article to be used to infringe another's patent, and so may justly be held liable for that infringement"). For example, Defendant has devoted a portion of its website to its users (available at https://www.zapper.com/users) that encourages users to infringe, inviting them to "[p]ay quickly and safely," "[s]plit your bill easily," [d]iscover, enjoy & share vouchers," "[e]arn loyalty rewards," "[f]ind nearby merchants," "[e]njoy insider benefits," and "[r]eview past payments." *See* Ex. 13. That same webpage then finishes with a call to action: "Get the rewarding way to pay." *See* Ex. 13.

24. The allegations herein support a finding that Defendant induced infringement of the '752 Patent. *See Power Integrations v. Fairchild Semiconductor*, 843 F.3d 1315, 1335 (Fed. Cir. 2016)("[W]e have affirmed induced infringement verdicts based on circumstantial evidence of inducement [e.g., advertisements, user manuals] directed to a class of direct infringers [e.g., customers, end users] without requiring hard proof that any individual third-party direct infringer was actually persuaded to infringe by that material.").

### *Contributory Infringement*

25. On information and belief, Defendant contributorily infringes on Symbology's '752 Patent. Defendant knew or should have known, at the very least as a result of its freedom to operate analyses, that third parties, such as its customers, would infringe the '752 Patent by implementing Defendant's QR code technology.

26. On information and belief, Defendant's implementation of the accused functionality has no substantial non-infringing uses. *See, e.g., Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1321 (Fed. Cir. 2009) (holding that the "substantial non-infringing use" element of a contributory infringement claim applies to an infringing feature or component, and that an "infringing feature" of a product does not escape liability simply because the product as a whole has other non-infringing uses).

### *Willful Infringement*

27. On information and belief, the infringement of the '752 Patent by Defendant has been and continues to be willful. Defendant has had actual knowledge of Symbology's rights in the '752 Patent and details of Defendant's infringement based on at least the filing and service of this complaint. Additionally, Defendant had knowledge of the '752 Patent and its infringement in the course of Defendant's due diligence and freedom to operate analyses.

### *Plaintiff Suffered Damages*

28. Defendant's acts of infringement of the '752 Patent have caused

*damage to Symbology, and Symbology is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. Defendant's infringement of Symbology's exclusive rights under the '752 Patent will continue to damage Symbology causing it irreparable harm for which there is no adequate remedy at law, warranting an injunction from the Court.*

## REQUEST FOR RELIEF

29.   *Symbology incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:*

*(a)   enter a judgment that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of each of the '752 Patent;*

*(b)   enter a judgment awarding Symbology all damages adequate to compensate it for Defendant's infringement of, direct or contributory, or inducement to infringe, the including all pre-judgment and post-judgment interest at the maximum rate permitted by law;*

*(c)   enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '752 Patent*

*(d)   issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts of*

*infringement, contributory infringement, or inducement of infringement of the '752 Patent;*

*(e)     enter a judgment requiring Defendant to pay the costs of this action, including all disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and*

*(f)     award Symbology all other relief that the Court may deem just and proper.*

*Dated: June 2, 2019*               *Respectfully submitted,*

*/s/ Stamatios Stamoulis*
*Stamatios Stamoulis #4606*
*stamoulis@swdelaw.com*
*Richard C. Weinblatt #5080*
*weinblatt@swdelaw.com*
*800 N. West Street Third Floor*
*Wilmington, DE 19801*
*(302) 999-1540*

*K*IRK*. J. A*NDERSON *(SBN 289043)*
*kanderson@budolaw.com*
*M. G*RANT *M*C*A*RTHUR *(SBN 321959)*
*gmcarthur@budolaw.com*
*BUDO LAW, LLP*
*5610 Ward Rd., Suite #300*
*Arvada, CO 80002*
*(720) 225-9440 (Phone)*
*(720) 225-9331 (Fax)*

**Attorney(s) for Plaintiff Symbology Innovations, LLC**