# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SYMBOLY INNOVATIONS, LLC,<br><br>                         Plaintiff,<br>    v.<br><br>WONDERWILL LTD<br>ZAPPER MARKETING LIMITED,<br>ZAPPER MARKETING (USA) INC.,<br><br>                         Defendants, | C.A. No. 1:19-cv-01025-RGA |

## DEFENDANT ZAPPER MARKETING (USA) INC.'S OPENING BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS

Dated: December 4, 2019

OF COUNSEL:

MCDONNELL BOEHNEN HULBERT &
   BERGHOFF LLP
Bradley J. Hulbert
Eric R. Moran
James L. Lovsin
Colin Wright
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

BAYARD, P.A.

Stephen B. Brauerman
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 302-429-4232
sbrauerman@bayardlaw.com

*Attorneys for Defendant*
*Zapper Marketing (USA) Inc.*

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. STATEMENT OF FACTS .................................................................................................2

IV. ARGUMENT......................................................................................................................3

    A. Legal Standards......................................................................................................3

    B. Symbology's Complaint Fails to Identify Specific Infringing Acts of Each Defendant......................................................................................................4

    C. Symbology's Complaint Fails To Allege Sufficient Facts To Show A Reasonable Inference That The Accused Products and Services Meet All Of The Limitations Of Claim 1 Of The '752 Patent ......................................................6

V. CONCLUSION.................................................................................................................10

# **TABLE OF AUTHORITIES**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) (en banc)..................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................3, 8, 9

*Atlas IP, LLC v. Exelon Corp.*,
    189 F. Supp. 3d 768 (N.D. Ill. 2016) .................................................................6

*Baggage Airline Guest Serv., Inc. v. Roadie, Inc.*,
    351 F. Supp. 3d 753 (D. Del. 2019).....................................................................9

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................................3, 8, 9

*In re Bendamustine Consolidated Cases*,
    13-cv-2046-GMS, 2015 WL 1951399 (D. Del. Apr. 29, 2015) ...........................9

*Johnson & Johnston Assocs., Inc. v. R.E. Serv. Co.*,
    285 F.3d 1046 (Fed. Cir. 2002) (en banc)..........................................................9

*Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*,
    15-cv-438-LPS-CJB, 2015 WL 7833206 (D. Del. Dec. 3, 2015).........................4

*Modern Telecom Sys., LLC v. TCL Corp.*,
    17-cv-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017).......................6

*North Star Innovations, Inc. v. Toshiba Corp.*,
    16-cv-115-LPS-CJB, 2016 WL 7107230 (D. Del. Dec. 6, 2016)........................5

*North Star Innovations, Inc. v. Micron Tech., Inc.*,
    17-cv-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ...................10

*Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*,
    18-cv-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018).........................4, 5

*Sound View Innovations, LLC v. Facebook, Inc.*,
    204 F. Supp. 3d 655 (D. Del. 2016)...................................................................9

*Varian Med. Sys., Inc. v. Elekta AB et al.*,
    15-cv-871-LPS, 2016 WL 3748772 (D. Del. Jul. 12, 2016).............................10

**Rules**

Rule 8(a)(2) ........................................................................................................................................3

Rule 12(b)(6) ..........................................................................................................1, 2, 3, 4, 7

Rule 12(c) ..........................................................................................................................................9

**Statutes**

35 USC § 271(a) ........................................................................................................................3, 5

35 USC §§ 271(b), (c) ................................................................................................................3

**I.   NATURE AND STAGE OF THE PROCEEDINGS**

On June 2, 2019, Plaintiff Symbology Innovations, LLC ("Symbology") filed this action against Defendants Wonderwill Ltd ("Wonderwill"), Zapper Marketing Limited ("Zapper UK"), and Zapper Marketing (USA) Inc. ("Zapper USA"), alleging infringement of U.S. Patent No. 8,424,752 (the "'752 Patent"). (D.I. 1, Complaint.)

Symbology has asserted the '752 Patent in over one hundred cases throughout the United States. In this District alone, Symbology has asserted the '752 Patent in over twenty cases. Nineteen of these cases are marked as related to this case.

Zapper USA submits this brief in support of its Motion to Dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

**II.   SUMMARY OF THE ARGUMENT**

Symbology's Complaint is deficient. First, while Symbology's Complaint names three defendants—Wonderwill, Zapper UK, and Zapper USA—Symbology's Complaint fails to identify specific infringing acts of each defendant. Instead, Symbology's Complaint merely alleges that "Defendant" is liable for direct infringement, induced infringement, and contributory infringement. (*E.g.,* Complaint, at 6-11, ¶¶ 16-17, 22-23, 25.) Symbology's lack of identification of the entities responsible for infringement warrants dismissal under Rule 12(b)(6).

Second, while Symbology's Complaint alleges that "Defendant" infringes claim 1 of the '752 patent, the Complaint fails to allege sufficient facts to show a reasonable inference that the accused products and services meet all of the limitations of claim 1. For example, Symbology's Complaint does not allege sufficient facts to show a reasonable inference that the accused products and services meet even the first limitation of claim 1: "capturing a digital image using a

---

[1] Wonderwill and Zapper UK have concurrently filed a motion to dismiss under Rules 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process.

digital image capturing device that is part of a portable electronic device." Instead, Symbology's Complaint merely alleges that this limitation of claim 1 is met by scanning with the Zapper app. (Complaint, at 7-8 ¶ 19.) However, the specification and the prosecution history of the '752 Patent show that Symbology's attempt to read the "capturing a digital image" limitation of claim 1 on scanning with the Zapper app is not plausible. Symbology's failure to articulate why it is plausible that the accused products and services meet the "capturing a digital image" limitation of claim 1 warrants dismissal under Rule 12(b)(6).

Zapper USA has not been put on fair notice of Symbology's infringement claims. Without fair notice, Zapper USA cannot prepare its defense without timely and costly discovery. Accordingly, Zapper USA respectfully requests that the Court dismiss Symbology's Complaint.

### III.   STATEMENT OF FACTS

The '752 Patent is entitled "System and Method for Presenting Information About An Object On a Portable Electronic Device." (D.I. 1-14, '752 Patent, at 1.) Claim 1 recites a method in which a "digital image" is captured and "symbology associated with an object within the digital image" is detected:

> 1.  A method comprising:
> capturing *a digital image* using a digital image capturing device that is part of a portable electronic device;
> detecting symbology associated with an object within *the digital image* using a portable electronic device;
> decoding the symbology to obtain a decode string using one or more visual detection applications residing on the portable electronic device;
> sending the decode string to a remote server for processing;
> receiving information about the object from the remote server wherein the information is based on the decode string of the object;
> displaying the information on a display device associated with the portable electronic device.

('752 Patent, col. 13 ll. 39-52 (emphases added).) The specification of the '752 Patent explicitly distinguishes capturing a digital image from other types of visual detection, including, for

example, scanning.  (*E.g., id.* at col. 6 ll. 8-15, col. 8 ll. 4-6, col. 8 ll. 26-28, col. 8 l. 57 to col. 9 l. 3.)

In the Complaint, Symbology alleges direct infringement, induced infringement, and contributory infringement.  (Complaint, at 6-11, ¶¶ 13-26.)

## IV. ARGUMENT

### A. Legal Standards

Under Rule 12(b)(6), dismissal for failure to state a claim is appropriate when the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (interpreting Rule 8(a)(2)).

As explained by the Supreme Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not meet this standard.  *Id.* (quoting *Twombly*, 550 U.S. at 555).[2]

To plead direct patent infringement, "a plaintiff must allege sufficient facts to show a reasonable inference" that the defendant violated 35 U.S.C. § 271(a).  *Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*, 18-cv-307-RGA, 2018 WL 5630585, at *2 (D. Del. Oct. 31, 2018). Further, to plead indirect patent infringement, a plaintiff must allege sufficient facts to show a reasonable inference that the defendant violated §§ 271(b) or (c).  *Id.*

Symbology's Complaint does not meet these requirements and warrants dismissal.

---

[2] While for purposes of a motion to dismiss under Rule 12(b)(6), the Court accepts the factual allegations in the complaint are true, this "tenant" is "inapplicable to legal conclusions."  *Iqbal,* 556 U.S. at 678.

3

### B.  Symbology's Complaint Fails to Identify Specific Infringing Acts of Each Defendant

"Rule 12(b)(6) requires a complaint alleging infringement against multiple defendants to 'adequately identif[y] specific infringing acts' of each defendant." *Promos Techs.*, 2018 WL 5630585, at *3 (quoting *Mayne Pharma Int'l PTY Ltd. v. Merck & Co.*, 15-cv-438-LPS-CJB, 2015 WL 7833206, at *3-4 (D. Del. Dec. 3, 2015) (alteration in original)).

Contrary to *Promos Techs.*, Symbology's Complaint names three defendants—Wonderwill, Zapper UK, and Zapper USA—but groups them "'Zapper' or collectively 'Defendant'" and never identifies any specific infringing acts of each of them. (Complaint, at 2 ¶ 1); 2018 WL 5630585, at *3.  Symbology's lack of identification of the entities responsible for infringement warrants dismissal under Rule 12(b)(6).

In the "Parties" section of Symbology's Complaint, for example, Symbology alleges "defendant Wonderwill Ltd," "defendant Zapper Marketing Limited," and "Defendant Zapper Marketing (USA), Inc.," but in the "Direct Infringement" section, Symbology's Complaint only refers to "Defendant."  (*Compare* Complaint, at 2, ¶¶ 4-6, *with id.* at 6-9, ¶¶ 17-20.)

Despite naming Wonderwill, Zapper UK, and Zapper USA as defendants in this Action, Symbology's Complaint merely alleges that the "Defendant" is liable for direct infringement:

- "Defendant has directly infringed the Patent-in-Suit . . . ." (*id.* at 7, ¶ 17);
- "Defendant has infringed and continues to infringe on at least one or more claims . . . ." (*id.* at ¶ 18);
- "Defendant employs a method . . . ." (*id.* at 7-8, ¶ 19); and
- "Defendant uses a smartphone, tablet, or similar device . . . ." (*id.* at 8, ¶ 20).

4

These allegations are not sufficient to show a reasonable inference of direct infringement by any of Wonderwill, Zapper UK, and Zapper USA. *Promos Techs.*, 2018 WL 5630585, at *3.[3]

Symbology's approach to pleading direct infringement "leaves the reader confused about which, if any, of these acts are actually being attributed to each Defendant." *North Star Innovations, Inc. v. Toshiba Corp.*, 16-cv-115-LPS-CJB, 2016 WL 7107230, at *2 (D. Del. Dec. 6, 2016) (recommending dismissal of amended complaint). Such confusion is particularly problematic here because direct infringing acts must occur in the United States, § 271(a), but two of the three defendants, Wonderwill and Zapper UK, are based outside of the United States. (Complaint, at 2 ¶¶ 4-5.)[4]

Similar to the failure of Symbology's Complaint to identify specific infringing acts of each Wonderwill, Zapper UK, and Zapper USA with respect to direct infringement, Symbology's Complaint also fails to identify specific infringing acts of each defendant with respect to indirect infringement. *See Promos Techs.*, 2018 WL 5630585, at *3.

With respect to induced infringement, Symbology merely alleges, for example, that "Defendant has been and now is indirectly infringing by way of inducing infringement by others" and "Defendant took active steps to induce infringement . . . ." (Complaint, at 9-10, ¶¶ 22-23.) This is not sufficient to show a reasonable inference of induced infringement for any

---

[3] Symbology's Complaint also only refers to "Defendant" in the "Jurisdiction and Venue" and "Request for Relief" sections. (Complaint, at 3-4, ¶¶ 2-4, 12-13, ¶ 29.) These allegations do nothing to cure the failure of Symbology's Complaint to identify the entities responsible for infringement. Wonderwill and Zapper UK have moved to dismiss Symbology's Complaint under Rule 12(b)(2) based in part on Symbology's failure to identify sufficient contacts between each of Wonderwill and Zapper UK and Delaware.

[4] While in some situations "the acts of one are attributable to the other such that a single entity is responsible for the infringement," Symbology's Complaint contains no allegations related to vicarious liability. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-23 (Fed. Cir. 2015) (en banc); (*see* Complaint, at 7-9, ¶¶ 17-21.)

5

of Wonderwill, Zapper UK, and Zapper USA.  Further, with respect to contributory infringement, Symbology merely alleges, for example, that "Defendant contributorily infringes on Symbology's '752 Patent."  (*Id.* at 11, ¶ 25.)  This, too, is not sufficient to show a reasonable inference of contributory infringement of any of Wonderwill, Zapper UK, and Zapper USA.

For these reasons, Zapper USA has not been put on fair notice of Symbology's infringement claims.  As such, Symbology's Complaint warrants dismissal.

### C. Symbology's Complaint Fails To Allege Sufficient Facts To Show A Reasonable Inference That The Accused Products and Services Meet All Of The Limitations Of Claim 1 Of The '752 Patent

To plead direct infringement, "[t]here needs to be some *facts* alleged that articulate *why it is plausible* that the other party's product infringes th[e] patent claim—not just the patentee asserting, in a take-my-word-for-it-fashion, that it is so."  *Modern Telecom Sys., LLC v. TCL Corp.*, 17-cv-583-LPS-CJB, 2017 WL 6524526, at *3 (D. Del. Dec. 21, 2017); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) ("[F]actual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement . . . .").

Symbology's Complaint alleges that "Defendant" directly infringes the '752 Patent "by testing, configuring, and troubleshooting the functionality of QR codes on its products and services."  (Complaint, at 7, ¶ 17.)  In this regard, Symbology's Complaint alleges that "Defendant" infringes claim 1 of the '752 Patent.  (*Id.* at 7, ¶ 18.)  Symbology's Complaint, however, does not allege sufficient facts to show a reasonable inference that the accused products and services meet even the first limitation of claim 1: "capturing a digital image using a digital image capturing device that is part of a portable electronic device."  (D.I. 1-14, '752

6

Patent, col. 13 ll. 40-41.)  Symbology's failure to articulate why it is plausible that the accused products and services meet this limitation of claim 1 warrants dismissal under Rule 12(b)(6).

Symbology's allegations regarding the "capturing a digital image" limitation of claim 1 are in paragraph 19 of the Complaint:

> On information and belief, Defendant employs a method wherein a digital image (e.g., "QR code") associated with its products is captured and detected by the camera of a portable electronic device (e.g., a smartphone or tablet) ("capturing a digital image using a digital image capturing device that is part of a portable electronic device", "detecting symbology associated with an object within the digital image using a portable electronic device"). For example, Defendant's technology "allows [a restaurant's] customers to pay using their smartphone" when they "scan the QR code on their bill with the Zapper app." *See* Ex. 3, Figure 1.



Figure 1

(Complaint, at 7-8, ¶ 19.)  Setting aside Symbology's parroting of claim language, Symbology's only factual allegation in paragraph 19 of the Complaint as to why the accused products and services meet the "capturing a digital image" limitation of claim 1 is that a customer "scan[s] the QR code . . . with the Zapper app."  (Complaint, at 8, ¶ 19.)[5]

However, Symbology's attempt to read the "capturing a digital image" limitation of claim 1 on scanning with the Zapper app is flawed.  The '752 Patent specification explicitly and repeatedly distinguishes capturing a digital image from scanning one.  Thus, Symbology's

---

[5] Symbology's Complaint also refers to "scanning the QR code" in the "Summary of Infringing Actions" section of the Complaint.  (Complaint, at 5, ¶ 9.)

7

allegation that the "capturing a digital image" limitation in claim 1 is met by scanning with the Zapper app is not plausible under *Twombly/Iqbal*.

To begin, the '752 specification, with respect to Figure 3, describes "portable electronic device 16 contains . . . a capture module 72 (related to image capture device 58), [and] scanning module 74 (related to scanning device 56)."  (D.I. 1-14, '752 Patent, col. 6 ll. 8-15.)  In the specification, the capture module 72 and the scanning module 74 are plainly different.  For example, "[t]he capture module **72** may be associated with the image capture device 58 *to capture an image* desired by the user in digital form, e.g., an image of a product, a barcode, etc." (*Id.* at col. 8 ll. 4-6 (emphases added).)  By contrast, "[i]n other embodiments, the portable electronic device 16 further includes a scanning module 74 *for scanning symbology* (e.g., a barcode) on an object or product."  (*Id.* at col. 8 ll. 26-28 (emphasis added).)

Further, the '752 specification describes "any suitable visual detection system" on portable electronic device 16, with "an image capture system" and "a scanning system" as alternative examples:

> The symbology management module 80 is configured to obtain data from any suitable *visual detection system* incorporated in the portable electronic device 16. If the portable electronic device 16 includes *an image capture system* containing an image capture device and image capture software applications, the symbology management module 80 may be configured to recognize symbology within the captured image. If the portable electronic device 16 includes *a scanning system* containing a scanning device and scanning software applications, the symbology management module 80 may be configured to detect symbology of the scanned object. Other visual detection systems contained in the portable electronic device 16 may be configured to visually detect symbology, which may be processed by the symbology management module 80.

(*Id.* at col. 8 l. 57 to col. 9 l. 4 (emphases added).)

The prosecution history of the '752 Patent[6] further confirms that Symbology's allegation that the "capturing a digital image" limitation of claim 1 is met by scanning with the Zapper app is not plausible under *Twombly/Iqbal*. The applicant originally filed the patent application with claim 1 that recited "detecting symbology associated with an object," (Ex. 1, U.S. Patent Application No. 13/170,810 as filed, p. 29 (claim 1)), and added another independent claim that recited "detecting symbology associated with an object." (Ex. 2, June 28, 2011 Preliminary Amendment, p. 3 (claim 22).) However, the applicant subsequently canceled these claims, and added the patented claim 1 that recites the "capturing a digital image" limitation. (Ex. 3, September 14, 2011 Supplemental Preliminary Amendment, at 2 (claim 23).)

By canceling claims that recited "detecting symbology" and presenting claims that recited "capturing a digital image," the patentee deliberately chose to focus the claimed invention on image capture systems, which the patentee expressly distinguished from scanning systems in the specification. Symbology cannot now plausibly allege that the "capturing an image" limitation in claim 1 of the '752 Patent is met by scanning with the Zapper app.

As explained by the Federal Circuit, "when a patent drafter discloses but declines to claim subject matter, as in this case, this action dedicates the unclaimed subject matter to the public." *Johnson & Johnston Assocs., Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc). This is exactly what Symbology did: Symbology disclosed both image capturing and scanning methods, but only claimed image capturing methods and thus dedicated

---

[6] In deciding a motion to dismiss, a court may "take judicial notice of the prosecution histories, which are public records." *Sound View Innovations, LLC v. Facebook, Inc.*, 204 F. Supp. 3d 655, 658 (D. Del. 2016) (quotation omitted); *see also Baggage Airline Guest Serv., Inc. v. Roadie, Inc.*, 351 F. Supp. 3d 753, 761 (D. Del. 2019) (considering prosecution history on Rule 12(c) motion); *In re Bendamustine Consolidated Cases*, 13-cv-2046-GMS, 2015 WL 1951399, at *1 (D. Del. Apr. 29, 2015) (same).

scanning methods to the public. Symbology cannot now assert the '752 Patent against scanning products and services.

In light of the specification and prosecution history of the '752 Patent, Symbology has not alleged sufficient facts to show a reasonable inference that the accused products and services meet the "capturing an image" limitation of claim 1. And without sufficient facts as to this limitation of claim 1, Symbology has not alleged sufficient facts to show a reasonable inference of direct infringement of claim 1. *North Star Innovations, Inc. v. Micron Tech., Inc.*, 17-cv-506-LPS-CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017) ("After all, if it is not plausible, after reading a complaint, that the accused infringer's product reads on a limitation in the one asserted claims from a patent-in-suit, then it is not plausible that the accused infringer actually infringes the patent claim (or the patent).").

Further, because indirect infringement requires underlying direct infringement, Symbology's failure to allege sufficient facts for the "capturing an image" limitation of claim 1 dooms Symbology's induced and contributory infringement claims as well. *Varian Med. Sys., Inc. v. Elekta AB et al.*, 15-cv-871-LPS, 2016 WL 3748772, at *3 (D. Del. Jul. 12, 2016).

For these reasons, Zapper USA has not been put on fair notice of Symbology's infringement claims. As such, Symbology's Complaint warrants dismissal.

## V.  CONCLUSION

For the foregoing reasons, Zapper USA respectfully requests that the Court dismiss Symbology's Complaint.

Dated: December 4, 2019

OF COUNSEL:

MCDONNELL BOEHNEN HULBERT &
  BERGHOFF LLP
Bradley J. Hulbert
Eric R. Moran
James L. Lovsin
Colin Wright
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

BAYARD, P.A.

/s/ Stephen B. Brauerman
Stephen B. Brauerman (No. 4952)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 302-429-4232
sbrauerman@bayardlaw.com

*Attorneys for Defendant
Zapper Marketing (USA) Inc.*

11