**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | |
| Plaintiff, | |
| v. | C.A. No. 1:19-cv-01025-RGA |
| WONDERWILL LTD<br>ZAPPER MARKETING LIMITED,<br>ZAPPER MARKETING (USA) INC., | |
| Defendants, | |

**DEFENDANT WONDERWILL LTD'S AND ZAPPER MARKETING LIMITED'S**
**OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 302-429-4232
sbrauerman@bayardlaw.com

OF COUNSEL:

MCDONNELL BOEHNEN HULBERT &
  BERGHOFF LLP
Bradley J. Hulbert
Eric R. Moran
James L. Lovsin
Colin Wright
300 South Wacker Drive
Chicago, IL 60606
(312) 913-0001

*Attorneys for Defendants*
*Wonderwill Ltd. and Zapper*
*Marketing Limited*

Dated: December 4, 2019

## TABLE OF CONTENTS

I.  NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

II.  SUMMARY OF THE ARGUMENT ..................................................................... 1

III.  STATEMENT OF FACTS ........................................................................... 2

IV.  ARGUMENT .................................................................................................. 5

    A.  Symbology's Complaint Should Be Dismissed For Lack Of Personal Jurisdiction... 5

        1.  Legal Standards ................................................................................. 5

        2.  Symbology's Complaint Does Not Make a *Prima Facie* Showing That Personal Jurisdiction Exists For Wonderwill Or Zapper UK ......................... 6

        3.  Neither Wonderwill Nor Zapper UK Is Subject To General Jurisdiction In Delaware ......................................................................................... 7

        4.  Neither Wonderwill Nor Zapper Is Subject To Specific Jurisdiction In Delaware ......................................................................................... 9

        5.  No Jurisdictional Discovery Is Necessary ................................................ 11

    B.  Symbology's Complaint Should Be Dismissed For Insufficient Service ................ 12

V.  CONCLUSION ........................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*3G Licensing, S.A. v. Lenovo Grp. Ltd.*, 17-cv-84-LPS,
    2019 WL 3974539 (D. Del. Aug. 22, 2019) ................................................................ 6, 11

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
    21 F.3d 1558 (Fed. Cir. 1994)................................................................................... 10, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011)..................................................................................................... 5, 8

*Mannina v. Safeway Co.*, 18-cv-693-RGA,
    2019 WL 3035439 (D. Del. July 11, 2019) ................................................................... 12

*Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*,
    960 F.2d 1217 (3d Cir. 1992)........................................................................................... 6

*Nuance Comm'n, Inc. v. Abbyy Software House*,
    626 F.3d 1222 (Fed. Cir. 2010)..................................................................................... 11

*Round Rock Res. LLC v. ASUSTeK Comp. Inc.*,
    967 F. Supp. 2d 969 (D. Del. 2013)................................................................... 5, 6, 7, 9

**Rules**

Rule 12(b)(2).................................................................................................................... 1, 5

Rule 12(b)(5).................................................................................................................. 1, 12

Rule 12(b)(6)........................................................................................................................ 6

**Statutes**

10 *Del. C.* § 3104(c)........................................................................................................... 6

10 *Del. C.* § 3104(c)(1) ................................................................................................. 9, 11

10 *Del. C.* § 3104(c)(2) ................................................................................................. 9, 11

10 *Del. C.* § 3104(c)(3) ................................................................................................. 9, 11

10 *Del. C.* § 3104(c)(4) ................................................................................................. 7, 11

## I.    NATURE AND STAGE OF THE PROCEEDINGS

On June 2, 2019, Plaintiff Symbology Innovations, LLC ("Symbology") filed this action

against Defendants Wonderwill Ltd ("Wonderwill"), Zapper Marketing Limited ("Zapper UK"),

and Zapper Marketing (USA) Inc. ("Zapper USA"), alleging infringement of U.S. Patent No.

8,424,752 (the "'752 Patent").  (D.I. 1, Complaint.)

Symbology has asserted the '752 Patent in over one hundred cases throughout the United

States.  In this District alone, Symbology has asserted the '752 Patent in over twenty cases.

Nineteen of these cases are marked as related to this case.

Wonderwill and Zapper UK submit this brief in support of their Motion to Dismiss the

Complaint under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.[1]

## II.    SUMMARY OF THE ARGUMENT

Symbology's Complaint should be dismissed for lack of personal jurisdiction.

Symbology has not and cannot identify any basis for personal jurisdiction over Wonderwill or

Zapper UK, and the failure to do so warrants dismissal.

First, Symbology's Complaint does not make a *prima facie* showing that personal

jurisdiction exists for Wonderwill or Zapper UK.  Instead, Symbology's Complaint improperly

groups Wonderwill, Zapper UK, and Zapper USA together as "Defendant" in the allegations of

personal jurisdiction.  Thus, Symbology's Complaint fails to contain individual jurisdictional

allegations for Wonderwill or Zapper UK, much less identify sufficient contacts between each of

these entities and Delaware.

Second, neither Wonderwill nor Zapper UK is subject to personal jurisdiction, general or

specific, in Delaware.  Wonderwill and Zapper UK each have little to no contacts with Delaware

---

[1] Zapper USA has concurrently filed a motion to dismiss under Rule (12)(6) for failure to state a claim.

1

or this Action.  Thus, personal jurisdiction over Wonderwill and Zapper UK does not exist under the Delaware long arm statute, and such jurisdiction would be inconsistent with the U.S. Constitution.  No jurisdictional discovery is necessary.

Further, Symbology's Complaint should be dismissed for insufficient service of process. As of at least the filing of the Motion, neither Wonderwill nor Zapper UK has received a copy of the Summons or Complaint through the Hague Convention.

## III.    STATEMENT OF FACTS

Symbology's Complaint names three defendants—Wonderwill, Zapper UK, and Zapper USA—but groups them "'Zapper' or collectively 'Defendant.'"  (Complaint, at 2, ¶ 1.)  In alleging personal jurisdiction, Symbology only refers to "Defendant":

> The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Delaware and the district of Delaware; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Delaware; (4) Defendant regularly conducts business within the State of Delaware and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Delaware and in this district; and (5) Defendant is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.
>
> Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Delaware, and the District of Delaware including but not limited to the products which contain the infringing '752 Patent systems and methods as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Delaware and in this district; Defendant solicits and has solicited customers in the State of Delaware and in this district; and Defendant has paying customers who are residents of the State of Delaware and this district and who each use and have used the Defendant's products and services in the State of Delaware and in this district.

(Complaint, at 3-4, ¶¶ 2-3.)

Wonderwill is a Gibraltar limited company, with a registered address in Gibraltar. (Complaint, at 2, ¶ 4; Declaration of John Holmes ("Holmes Decl.") ¶¶ 5-6.)  Wonderwill has little to no connection with Delaware or this Action.  (Holmes Decl. ¶¶ 7-19.)

Wonderwill owns no real or personal property in Delaware or anywhere else in the United States of America, has no officers or directors in Delaware or anywhere else in the United States, has no registered agent in Delaware or anywhere else in the United States, is not registered as a foreign corporation to do business in Delaware or anywhere else in the United States, and does not pay taxes in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 7-9.)

Further, Wonderwill does not lease an office, warehouse or other facility in Delaware or anywhere else in the United States, does not manufacture or otherwise create a product in Delaware or anywhere else in the United States, does not have a mailing address or telephone listing in Delaware or anywhere else in the United States, and has no bank account in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 10-11.)  No Wonderwill employees reside in Delaware or anywhere else in the United States.  (*Id.*at ¶ 13.)

Wonderwill does not transact business in Delaware or anywhere else in the United States, does not perform any work in Delaware or anywhere else in the United States, and does not contract to do anything in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 14-16.) Additionally, Wonderwill does not sell or offer to sell any products in Delaware or anywhere else in the United States, does not sell or offer to sell any services in Delaware or anywhere else in the United States, and does not import or ship any products into Delaware or into anywhere else in the United States.  (*Id.* at ¶¶ 17-19.)  Wonderwill also does not specifically direct any of its advertising towards Delaware residents; nor does it advertise in any publications that are

3

primarily directed towards Delaware residents or residents of anywhere else in the United States. (*Id.* at ¶ 12.)

Zapper UK is United Kingdom limited company, with a registered address in London, England.  (Complaint, at 2 ¶ 5; Declaration of Gary Millner ("Millner Decl.") ¶¶ 5-6.)  Similar to Wonderwill, Zapper UK has little to no connection with Delaware or this Action.  (Millner Decl. ¶¶ 7-19.)

Zapper UK owns no real or personal property in Delaware or anywhere else in the United States of America, has no officers or directors in Delaware or anywhere else in the United States, has no registered agent in Delaware or anywhere else in the United States, is not registered as a foreign corporation to do business in Delaware or anywhere else in the United States, and does not pay taxes in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 7-9.)

Further, Zapper UK does not lease an office, warehouse or other facility in Delaware or anywhere else in the United States, does not manufacture or otherwise create a product in Delaware or anywhere else in the United States, does not have a mailing address or telephone listing in Delaware or anywhere else in the United States, and has no bank account in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 10-11.)  No Zapper UK employees reside in Delaware or anywhere else in the United States.  (*Id.* at ¶ 13.)

Zapper UK does not transact business in Delaware or anywhere else in the United States, does not perform any work in Delaware or anywhere else in the United States, and does not contract to do anything in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 14-16.) Additionally, Zapper UK does not sell or offer to sell any products in Delaware or anywhere else in the United States, does not sell or offer to sell any services in Delaware or anywhere else in the United States, and does not import or ship any products into Delaware or into anywhere else

4

in the United States.  (*Id.* at ¶¶ 17-19.)  Zapper UK also does not specifically direct any of its advertising towards Delaware residents; nor does it advertise in any publications that are primarily directed towards Delaware residents or residents of anywhere else in the United States. (*Id.* at ¶ 12.)

In June 2019, Symbology purported to serve the Summons and Complaint on Wonderwill and Zapper UK in Delaware.  (D.I. 5, Summons Return Executed.)  While Symbology has notified Wonderwill, Zapper UK, and Zapper USA that Symbology had initiated service through the Hague Convention for Wonderwill and Zapper UK, as of at least the date of the filing of this Motion, neither Wonderwill nor Zapper UK has received a copy of the Summons and Complaint through the Hague Convention.  (*See* Holmes Decl. ¶ 4; Milner Decl. ¶ 4.)

## IV.  ARGUMENT

### A.  Symbology's Complaint Should Be Dismissed For Lack Of Personal Jurisdiction

#### 1.  Legal Standards

Under Rule 12(b)(2), dismissal is appropriate when the Court lacks personal jurisdiction over the defendant.  "The plaintiff bears the burden of showing personal jurisdiction."  *Round Rock Res. LLC v. ASUSTeK Comp. Inc.*, 967 F. Supp. 2d 969, 972 (D. Del. 2013).  For purposes of a motion to dismiss under Rule 12(b)(2), the Court "accept[s] all of the plaintiff's allegations as true and construe[s] disputed facts in favor of the plaintiff."  *Id.* (internal quotation omitted).

The Court's exercise of personal jurisdiction over a nonresident defendant must be based on "general jurisdiction" or "specific jurisdiction."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  For both bases of personal jurisdiction, the plaintiff must establish that personal jurisdiction is permitted under the Delaware long arm statute, 10 *Del. C.* §

3104(c), and that such jurisdiction is not inconsistent with the U.S. Constitution. *Round Rock*, 967 F. Supp. 2d at 973.

Symbology has not and cannot establish any basis for personal jurisdiction over Wonderwill or Zapper UK, and the failure to do so warrants dismissal.

### 2.    Symbology's Complaint Does Not Make a *Prima Facie* Showing That Personal Jurisdiction Exists For Wonderwill Or Zapper UK

In the absence of an evidentiary hearing, the plaintiff must make "a *prima facie* showing that personal jurisdiction exists." *3G Licensing, S.A. v. Lenovo Grp. Ltd.*, 17-cv-84-LPS, 2019 WL 3974539, at *2 (D. Del. Aug. 22, 2019). "The plaintiff . . . presents a *prima facie* case for the exercise of personal jurisdiction by establishing with reasonable particularly sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quotation omitted).

Symbology's Complaint does not meet these standards. By grouping Wonderwill, Zapper UK, and Zapper USA together as "Defendant" in the allegations of personal jurisdiction, Symbology's Complaint fails to contain individual jurisdictional allegations for Wonderwill or Zapper UK. (*See* Complaint, at 3-4, ¶¶ 2-3; *supra* 2.) Without any individual jurisdiction allegations for Wonderwill or Zapper UK, Symbology's Complaint fails to identify sufficient contacts between each of these entities and Delaware.[2]

Symbology's failure to make a *prima facie* showing that personal jurisdiction exists over Wonderwill and Zapper UK warrants dismissal.

---

[2] Symbology's grouping of Wonderwill, Zapper UK, and Zapper USA as "Defendant" in the Complaint extends to other allegations, including infringement. Zapper USA has moved to dismiss Symbology's Complaint under Rule 12(b)(6) based in part on Symbology's failure to identify specific infringing acts of each Wonderwill, Zapper UK, and Zapper USA.

### 3. Neither Wonderwill Nor Zapper UK Is Subject To General Jurisdiction In Delaware

General jurisdiction over Wonderwill and Zapper UK does not exist under Delaware long arm statute, and such jurisdiction would be inconsistent with the U.S. Constitution. With respect to the Delaware long arm statute, subsection (c)(4) provides requirements for general jurisdiction:

> Causes tortious injury in the State or outside of the State by an act or omission outside of the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State; . . .

10 *Del. C.* § 3104(c)(4); *Round Rock*, 967 F. Supp. 2d at 974. But neither Wonderwill nor Zapper UK meets subsection (c)(4). In this regard, neither entity "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 *Del. C.* § 3104(c)(4).

As described above, Wonderwill has little to no contacts with Delaware. (*Supra* 3-4; Holmes Decl. ¶¶ 7-19.) For example, Wonderwill owns no real or personal property in Delaware or anywhere else in the United States of America, has no officers or directors in Delaware or anywhere else in the United States, has no registered agent in Delaware or anywhere else in the United States, is not registered as a foreign corporation to do business in Delaware or anywhere else in the United States, and does not pay taxes in Delaware or anywhere else in the United States. (*Id.* at ¶¶ 7-9.) As another example, Wonderwill does not transact business in Delaware or anywhere else in the United States, does not perform any work in Delaware or anywhere else in the United States, does not contract to do anything in Delaware or anywhere else in the United States, and does not specifically direct any of its advertising towards Delaware residents; nor does it advertise in any publications that are primarily directed towards Delaware residents or residents of anywhere else in the United States. (*Id.* at ¶¶ 14-16, 12.)

Similarly, as described above, Zapper UK has little to no contacts with Delaware.  (*Supra* 4-5; Milner Decl. ¶¶ 7-19.)  For example, Zapper UK owns no real or personal property in Delaware or anywhere else in the United States of America, has no officers or directors in Delaware or anywhere else in the United States, has no registered agent in Delaware or anywhere else in the United States, is not registered as a foreign corporation to do business in Delaware or anywhere else in the United States, and does not pay taxes in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 7-9.)  As another example, Zapper UK does not transact business in Delaware or anywhere else in the United States, does not perform any work in Delaware or anywhere else in the United States, does not contract to do anything in Delaware or anywhere else in the United States, and does not specifically direct any of its advertising towards Delaware residents; nor does it advertise in any publications that are primarily directed towards Delaware residents or residents of anywhere else in the United States.  (*Id.* at ¶¶ 14-16, 12.)

With respect to the U.S. Constitution, the Supreme Court has explained that a court may assert general jurisdiction over a non-resident defendant only when the defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear*, 564 U.S. at 919 (interpreting the Due Process Clause of the Fourteenth Amendment).  But neither Wonderwill nor Zapper meet the *Goodyear* standard for general jurisdiction.  In this regard, neither entity has contacts with Delaware that are "so continuous and systematic as to render them at home" in Delaware.  *Goodyear*, 564 U.S. at 919; (*see e.g.,* Holmes Decl. ¶¶ 7-9, 14-16; Milner Decl. ¶¶ 7-9, 14-16.)  To the contrary, Wonderwill and Zapper UK each have little to no contacts with Delaware.  (Holmes Decl. ¶¶ 7-19; Milner Decl. ¶¶ 7-19.)

For at least these reasons, Symbology cannot establish general jurisdiction over Wonderwill or Zapper UK.

### 4.   Neither Wonderwill Nor Zapper Is Subject To Specific Jurisdiction In Delaware

Specific jurisdiction over Wonderwill or Zapper UK does not exist under the Delaware long arm statute, and such jurisdiction would be inconsistent with the U.S. Constitution.  With respect to the Delaware long arm state, subsections (c)(1) – (c)(3) provide requirements for specific jurisdiction:

> (1) Transacts any business or performs any character of work or service in the State;
> (2) Contracts to supply services or things in this State;
> (3) Causes tortious injury in the State by an act or omission in this State; . . .

10 *Del. C.* § 3104(c)(1) – (c)(3); *Round Rock*, 967 F. Supp. 2d at 973-74.  But neither Wonderwill nor Zapper meets subsection (c)(1), (c)(2), or (c)(3).  Indeed, each entity "does nothing that begins to meet" any of these subsections.  *Round Rock*, 967 F. Supp. 2d at 977.

Again, as described above, Wonderwill has little to no contacts with Delaware or this Action.  (*Supra* 3-4; Holmes Decl. ¶¶ 7-19.)  For example, Wonderwill does not transact business in Delaware or anywhere else in the United States, does not perform any work in Delaware or anywhere else in the United States, and does not contract to do anything in Delaware or anywhere else in the United States.  (*Id.* at ¶¶ 14-16.)  As another example, Wonderwill does not sell or offer to sell any products in Delaware or anywhere else in the United States, does not sell or offer to sell any services in Delaware or anywhere else in the United States, does not import or ship any products into Delaware or into anywhere else in the United States, and does not specifically direct any of its advertising towards Delaware residents; nor does it advertise in any publications that are primarily directed towards Delaware residents or residents of anywhere else in the United States.  (*Id.* at ¶¶ 17-19, 12.)  Without transacting

business in Delaware or anywhere else in the United States, performing any work in Delaware or anywhere else in the United States, or contracting to do anything in Delaware or anywhere in the United States, Wonderwill cannot not cause any tortious injury in Delaware.

Similarly, as described above, Zapper UK has little to no contacts with Delaware or this Action. (*Supra* 4-5; Milner Decl. ¶¶ 7-19.) For example, Zapper UK does not transact business in Delaware or anywhere else in the United States, does not perform any work in Delaware or anywhere else in the United States, and does not contract to do anything in Delaware or anywhere else in the United States. (*Id.* at ¶¶ 14-16.) As another example, Zapper UK does not sell or offer to sell any products in Delaware or anywhere else in the United States, does not sell or offer to sell any services in Delaware or anywhere else in the United States, does not import or ship any products into Delaware or into anywhere else in the United States, and does not specifically direct any of its advertising towards Delaware residents; nor does it advertise in any publications that are primarily directed towards Delaware residents or residents of anywhere else in the United States. (*Id.* at ¶¶ 17-19, 12.) Without transacting business in Delaware or anywhere else in the United States, performing any work in Delaware or anywhere else in the United States, or contracting to do anything in Delaware or anywhere in the United States, Zapper UK cannot not cause any tortious injury in Delaware.

With respect to the U.S. Constitution, the Federal Circuit has explained that a court may assert specific jurisdiction over a non-resident defendant only when the defendant has "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994) (quotation omitted). More specifically, the Federal Circuit weighs three factors for specific jurisdiction: "(1) whether the defendant purposefully directed

10

activities at residents of the forum; (2) whether the claim arises out of relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Comm'n, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010).

Neither Wonderwill nor Zapper meets the *Beverly Hills Fan* standard for specific jurisdiction.  In this regard, neither entity has "minimum contacts" with Delaware "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Beverly Hills Fan*, 21 F.3d at 1565; (*see e.g.,* Holmes Decl. ¶¶ 14-16, 17-19, 12; Milner Decl. ¶¶ 14-16, 17-19, 12.)  To the contrary, Wonderwill and Zapper UK each have little to no contacts with Delaware or this Action.  (Holmes Decl. ¶¶ 7-19; Milner Decl. ¶¶ 7-19.)  Symbology cannot show that any of the *Nuance* factors are met for Wonderwill or Zapper UK.[3]

For at least these reasons, Symbology cannot establish specific jurisdiction over Wonderwill or Zapper UK.

### 5.    No Jurisdictional Discovery Is Necessary

Jurisdictional discovery is not permitted as "a matter of course."  *3G Licensing*, 2019 WL 3974539, at *3.  "If a plaintiff does not come forward with some competent evidence that personal jurisdiction over the defendant might exist, a court should not permit jurisdictional discovery to proceed."  *Id.* (quotation and emphasis omitted).

At this stage, Symbology cannot claim a need for jurisdictional discovery.  For similar reasons discussed above with respect to Symbology's Complaint does not make a *prima facie*

---

[3] For at least the reasons discussed above with respect to subsections (c)(1) – (c)(4) of the Delaware long arm statute, specific jurisdiction over Wonderwill or Zapper does not exist based on a stream-of-commerce theory.  *3G Licensing*, 2019 WL 3974539, at *4-6; *supra* 7-11.  For example, Wonderwill does not import or ship any products into Delaware or into anywhere else in the United States.  (Holmes Decl. ¶ 19.)  Similarly, Zapper UK does not import or ship any products into Delaware or into anywhere else in the United States.  (Milner Decl. ¶ 19.) Symbology cannot show that Wonderwill or Zapper UK has intent to serve the Delaware market.

showing that personal jurisdiction exists for Wonderwill or Zapper UK, Symbology has not presented any competent evidence that personal jurisdictional over Wonderwill or Zapper UK might exist.  *Supra* 6.

**B.      Symbology's Complaint Should Be Dismissed For Insufficient Service**

Under Rule 12(b)(5), dismissal is appropriate when the plaintiff has not properly served the defendant with the summons and complaint.  *Mannina v. Safeway Co.*, 18-cv-693-RGA, 2019 WL 3035439, at *2 (D. Del. July 11, 2019).

Symbology has not properly served Wonderwill or Zapper UK with the Summons and Complaint.  In June 2019, Symbology purported to serve the Summons and Complaint on Wonderwill and Zapper UK in Delaware.  (D.I. 5, Summons Return Executed.)  However, Symbology's June service was improper service because each of Wonderwill and Zapper UK do not have a registered agent in Delaware or anywhere else in the United States and are not registered as a foreign corporation to do business in Delaware or anywhere else in the United States.  (Holmes Decl. ¶ 8; Milner Decl. ¶ 8.)

While Symbology has notified Wonderwill, Zapper UK, and Zapper USA that Symbology had initiated service through the Hague Convention for Wonderwill and Zapper UK, as of at least the date of filing the Motion, neither Wonderwill nor Zapper UK has received a copy of the Summons and Complaint through the Hague Convention.  (*See* Holmes Decl. ¶ 4; Milner Decl. ¶ 4.)

The insufficient service of the Summons and Complaint warrants dismissal.

12

V.      CONCLUSION

For the foregoing reasons, Wonderwill and Zapper UK respectfully request that the Court

dismiss Symbology's Complaint.

Dated: December 4, 2019                     BAYARD, P.A.

OF COUNSEL:

                                             _/s/ Stephen B. Brauerman_____
MCDONNELL BOEHNEN HULBERT &                 Stephen B. Brauerman (No. 4952)
    BERGHOFF LLP                            600 N. King Street, Suite 400
Bradley J. Hulbert                          Wilmington, DE 19801
Eric R. Moran                               (302) 302-429-4232
James L. Lovsin                             sbrauerman@bayardlaw.com
Colin Wright
300 South Wacker Drive                      *Attorneys for Defendants*
Chicago, IL 60606                           *Wonderwill Ltd and Zapper*
(312) 913-0001                              *Marketing Limited*

13